UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | MAG. ACTION NO. C-10-1053 |
| | § | |
| JOHN CHIARELLO | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO SUPPRESS

Defendant Chiarello was arrested and charged by Criminal Information with the offense of driving on the Padre Island National Seashore (PINS) while under the influence of alcohol and/or drugs (D.E. 1). Pending is defendant's amended motion to suppress (D.E. 12). A hearing was held November 30, 2010.

### Suppression Hearing Testimony

PINS Ranger Spero testified that he was on duty within the park boundaries on July 5, 2010. While cars are allowed to travel on the beach, that day the sand was very soft, and two-wheel-drive traffic was limited to one lane. In order not to get stuck, motorists needed to drive along the single lane of tire tracks in the sand. Regulations governing the park require that southbound traffic yield to the northbound traffic by turning out of the track to the right when necessary. 36 CFR 7.75(a)(1)(v). Ranger Spero, while traveling southbound, observed in his rear view mirror a southbound Dodge Ram, driven by the defendant, fail to yield the right of way to a blue vehicle traveling

northbound, causing the blue vehicle to have to swerve to avoid a collision. Ranger Spero also paced the Dodge Ram, estimating the speed of the vehicle to be 18 mph in a 15 mph speed zone. Spero initiated a traffic stop.

Defendant Chiarello submitted an affidavit in connection with the motion to suppress stating that "There was only 1 lane of sand to drive on. I was in the line of sand. A car was coming the other way. That car pulled over to let me pass" (D.E. 12). At the suppression hearing Chiarello testified that his affidavit was not accurate; rather the car coming the other way was so far away that there is no way that Ranger Spero could have seen the car swerve to avoid an accident. He further testified that the other vehicle was so far away that he never even encountered it, and so Ranger Spero could not have seen any car swerving in his rear view mirror. Chiarello also testified that the drive shaft in his vehicle was broken, and so he could not have been traveling more than ten miles per hour.

## Discussion

Defendant argues that Ranger Spero did not have probable cause to initiate a traffic stop. It is well settled that an automobile stop does not violate the Constitution if a law enforcement officer has probable cause to believe a traffic violation has occurred. *United States v. Contreras-Trevino*, 448 F.3d 821, 823 (5th Cir. 2006) (citing *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 1772 (1996). Here Ranger Spero had probable cause to believe that defendant had failed to yield the right of way and that he was driving in excess of the posted speed limit. Defendant Chiarello's testimony to the contrary is not credible, especially in light of the statements in his affidavit, which

amount to an admission that he failed to yield the right of way to the blue car, and are consistent with Ranger Spero's testimony. The motion to suppress is denied.

ORDERED this 1st day of December, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE